FILED
DEC 20 2022 SH
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. |
| | ) | |
| v. | ) | Violations: Title 18, United States |
| | ) | Code, Section 1343 |
| CHARLES NELSON | ) | |
| | ) | **UNDER SEAL** |

22cr672
Judge Blakey
Magistrate Judge Cummings

### COUNT ONE

The SPECIAL NOVEMBER 2022 GRAND JURY charges:

1. At times material to this indictment:

    a. Defendant CHARLES NELSON was Chief Financial Officer ("CFO") of Company A, which maintained a corporate office in Chicago, Illinois.

    b. Defendant NELSON resided in Chicago, Illinois.

    c. Company A had a corporate charge card account with American Express. In approximately September 2018, Company A implemented a policy governing the use of its corporate charge cards that stated, "Employees issued a Corporate Charge acknowledge that it is authorized for business use only." The policy further stated, "It is necessary that ALL expenses incurred be accompanied by an explanation of how the charges relate to a business purpose."

    d. As CFO of Company A, defendant NELSON was authorized to use a Company A corporate charge card for business expenses, and authorized to process payments for business expenses charged to Company A's corporate charge cards.

2. Beginning in or around February 2018, and continuing until in or around August 2019, in the Northern District of Illinois, Eastern Division, and elsewhere,

CHARLES NELSON,

defendant herein, devised, intended to devise, and participated in a scheme to defraud and to obtain money and property from Company A by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

3. It was part of the scheme that defendant NELSON, while CFO of Company A, used Company A's corporate charge card to pay for goods and services for his own personal benefit and not for legitimate business purposes.

4. It was further part of the scheme that, to conceal his use of Company A's charge card for personal expenses, defendant NELSON falsified Company A's expense records by deleting entries concerning NELSON's unauthorized purchases and by creating false and inflated expense entries for purported and actual business expenses.

5. It was further part of the scheme that, in or around March 2018, defendant NELSON sought and obtained authority to administer Company A's corporate charge card account, becoming the primary point of contact with American Express for Company A's corporate charge card account and allowing defendant NELSON to further conceal the fraudulent nature of his scheme.

2

6. It was further part of the scheme that defendant concealed, misrepresented, and hid, and caused to be concealed, misrepresented, and hidden, the existence, purpose, and acts done in furtherance of the scheme.

7. On or about April 6, 2019, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

CHARLES NELSON,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely an American Express charge card transaction in the amount of approximately $15,514 at Rolex by Wempe in New York, New York, which was processed through an American Express server located outside the state of New York;

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO

The SPECIAL NOVEMBER 2022 GRAND JURY further charges:

8. Paragraphs 1-6 of Count One are incorporated here.

9. On or about April 11, 2019, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

CHARLES NELSON,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely an American Express charge card transaction in the amount of approximately $24,342 at United States Mint Coin Sales Washington D.C. through usmint.gov, which was processed through an American Express server located outside Washington D.C.;

In violation of Title 18, United States Code, Section 1343.

## COUNT THREE

The SPECIAL NOVEMBER 2022 GRAND JURY further charges:

1. Paragraphs 1-6 of Count One are incorporated here.

2. On or about April 12, 2019, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### CHARLES NELSON,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely an American Express charge card transaction in the amount of approximately $24,842 at United States Mint Coin Sales Washington D.C. through usmint.gov, which was processed through an American Express server located outside Washington D.C.;

In violation of Title 18, United States Code, Section 1343.

## COUNT FOUR

The SPECIAL NOVEMBER 2022 GRAND JURY further charges:

1. Paragraphs 1-6 of Count One are incorporated here.

2. On or about May 12, 2019, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

CHARLES NELSON,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely an American Express charge card transaction in the amount of approximately $23,395 from Emeralds International in Key West, Florida, which was processed through an American Express server located outside the state of Florida;

In violation of Title 18, United States Code, Section 1343.

## COUNT FIVE

The SPECIAL NOVEMBER 2022 GRAND JURY further charges:

1. Paragraphs 1-6 of Count One are incorporated here.

2. On or about June 30, 2019, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

CHARLES NELSON,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely an American Express charge card transaction in the amount of approximately $16,131 from David Yurman in New York, New York, which was processed through an American Express server located outside the state of New York;

In violation of Title 18, United States Code, Section 1343.

## COUNT SIX

The SPECIAL NOVEMBER 2022 GRAND JURY further charges:

1. Paragraphs 1-6 of Count One are incorporated here.

2. On or about July 6, 2019, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

CHARLES NELSON,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely an American Express charge card transaction in the amount of approximately $6,009 from Grand Appliance in Chicago, Illinois, which was processed through an American Express server located outside the state of Illinois;

In violation of Title 18, United States Code, Section 1343.

## COUNT SEVEN

The SPECIAL NOVEMBER 2022 GRAND JURY further charges:

1. Paragraphs 1-6 of Count One are incorporated here.

2. On or about July 28, 2019, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

CHARLES NELSON,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely an American Express charge card transaction in the amount of approximately $39,510, for a purchase from Cartier, New York, New York, which was processed through an American Express server located outside the state of New York

In violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

The SPECIAL NOVEMBER 2022 GRAND JURY further alleges:

1. The allegations contained in this indictment are incorporated here for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of an offense in violation of Title 18, United States Code, Section 1343, as set forth in this Indictment, defendant shall forfeit to the United States of America any property involved in such offense and any property that constitutes and derives from proceeds obtained directly and indirectly as a result of the offense, as provided in Title 18, United States Code, Section 981(a)(1)(C)).

3. The property to be forfeited includes, but is not limited to:

    a. personal money judgment is the amount of approximately $557,687.

4. If any of the property above, as a result of any act or omission by the defendant, cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the Court, has been substantially diminished in value, or has been commingled with other property that cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, under the provisions of Title 21,

United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL:

_____

FOREPERSON

_____
Signed by Erika Csicsila on behalf of the
UNITED STATES ATTORNEY